

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP–74,980

**BARNEY RONALD FULLER, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM CAUSE NO. 04-CR-27
## IN THE 349th JUDICIAL DISTRICT COURT
## HOUSTON COUNTY

**MEYERS, J.,** filed a concurring opinion.

## <u>CONCURRING OPINION</u>

I disagree with the majority's analysis regarding the admissibility and voluntariness of Appellant's videotaped statement. Because Appellant pleaded guilty in front of the jury and the trial proceeded to the punishment phase, there is no need for the court to analyze the voluntariness of his statement to police on the morning of the shootings. He claims that he did not voluntarily waive his right to remain silent and his right to counsel because he was drunk when the statement was taken and because he was

not aware that his brother-in-law, an attorney, had sent a fax directing officers not to interview him.[1]  However, by pleading guilty, he waived the right to challenge on appeal the admission of his initial confession.  His non-negotiated guilty plea was the equivalent to him confessing to the jury.  While we are always concerned with the voluntariness and accuracy of a confession, by pleading guilty, Appellant confirmed the accuracy of his confession and the issue of voluntariness became moot.  As such, he cannot now complain that his confession to the police was admitted for the jury to consider during the punishment phase.

The situation would be different if there were a plea bargain agreement.  If his guilty plea was a result of a negotiation between Appellant and the State, then it would be appropriate for us to consider the voluntariness and admissibility of his confession to police.  *See* Code of Criminal Procedure Article 26.13(a)(3), stating that in a plea bargain case, if the punishment assessed by the court does not exceed the punishment agreed upon by the State and the defendant, the defendant must get the trial court's permission to appeal any matters except those raised by pretrial motions.  Therefore, if this were a negotiated guilty plea, Appellant could appeal the voluntariness issue as raised in the pretrial motion to suppress the videotape.[2]  Since this is not the case here, I think the majority should simply say that, due to Appellant's admission of guilt before the jury, he

---

[1]Even at the pretrial hearing on the motion to suppress the videotaped statement, Appellant did not contest the the veracity of the facts he related in his confession, just his ability to knowingly waive his rights to remain silent and to have an attorney present.

[2] We note that the trial court's permission to appeal does not apply in direct appeals such as the case before us.

waived the right to complain on appeal that his confession to police was admitted.  I concur in the decision to overrule points of error ten and eleven and otherwise join the opinion of the majority.

Meyers, J.

Filed: April 30, 2008

Publish